UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------
In re

    NATIONAL RISK ASSESSMENT, INC.,          14-11886 B

              Debtors                        <u>DECISION & ORDER</u>
------------------------------------------------

    Bond, Schoeneck & King, PLLC
    Stephen A. Donato, Esq., of counsel
    Camille W. Hill, Esq., of counsel
    One Lincoln Center
    Syracuse, New York 13202
    Special Counsel Chapter 7 Trustee Daniel E. Brick

    Joseph W. Allen, Esq.
    Office of the U.S. Trustee
    Olympic Towers, Suite 401
    300 Pearl Street
    Buffalo, New York 14202

    Daniel E. Brick Esq.
    91 Tremont St.
    P.O. Box 604
    North Tonawanda, New York 14120-0604
    Trustee and Attorney for Trustee

    Lippes Mathias Wesler Friedman LLP
    Stacy Moore, Esq., of counsel
    665 Main Street, Suite 300
    Buffalo, New York 14203
    Attorneys for AC Realty Corporation LTD,
    Healthcare NRA, LLC and Allain Checroune as
    an Individual

    Colligan Law, LLP
    Frederick Gawronski, Esq., of counsel
    12 Fountain Plaza, Suite 600
    Buffalo, New York 14202
    Attorney for Petitioning Creditors

    Gleichenhaus, Marchese & Weishaar, P.C.
    Michael Weishaar, Esq., of counsel
    930 Convention Tower
    43 Court Street
    Buffalo, New York 14202
    Attorneys for the Debtor

    Gross Shuman, Brizdle & Gilfillan, P.C.
    John K. Rottaris, Esq., of counsel
    465 Main Street, Suite 600
    Buffalo, New York 14202
    Attorneys for John Ring

>Woods Oviatt
>William Savino, Esq., of counsel
>1900 Main Place Tower
>Buffalo, New York 14202
>Attorneys for Joseph Ring

Bucki, Chief U.S.B.J., W.D.N.Y.

Pursuant to Bankruptcy Rule 2004, the Chapter 7 trustee has moved to compel the examination of three individuals and to require the production of various books, records and documents. Two of the individuals oppose the motion, primarily on the ground that the requested order would violate the "pending proceeding rule."

In May of 2013, three creditors commenced an action in state court to recover damages resulting from ten causes of action that the plaintiffs asserted against National Risk Assessment, Inc., and two of its alleged officers, namely Joseph Ring and John H. Ring, III. While that action was still pending, three other creditors filed an involuntary petition for bankruptcy relief as against National Risk Assessment, Inc. When National Risk Assessment then failed to respond to that involuntary petition, this court issued an Order for Relief under Chapter 7 on October 8, 2014. Shortly thereafter, the Office of the United States Trustee designated Daniel E. Brick to serve as the Chapter 7 trustee.

In a motion filed on February 9, 2016, the Chapter 7 trustee represents that Joseph Ring has "previously held himself out as the president of the Debtor;" that John H. Ring, III "has previously held himself out as a shareholder and the chief operating officer of the Debtor;" and that David D'Arata is a Certified Public Accountant who is familiar with the debtor's accounting and finances. The trustee further asserts that at a time when National Risk Assessment was insolvent, Joseph Ring may have transferred or diverted various corporate assets. In order to obtain information about these transactions and with regard to the debtor's financial affairs, the trustee seeks an order directing the examination of Joseph Ring, John H. Ring, III, and David D'Arata, as well as the production of documents

and responses to interrogatories. In opposing this motion, Joseph Ring and John H. Ring, III, contend that discovery should be allowed to proceed only in the context of the outstanding state court action.

Subdivision (a) of Bankruptcy Rule 2004 provides generally that "[o]n motion of any party in interest, the court may order the examination of any entity." The permissible scope of examination is broad, subject to the limitations of subdivision (b) of this rule, that the examination "relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." In *In re Bennett Funding Group, Inc.* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996), the court considered the nature of an examination under Rule 2004:

> "The scope of this examination is admittedly 'unfettered and broad,' and indeed is commonly recognized as more in the nature of a 'fishing expedition.' The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate and to discover assets of the debtor which may have been intentionally or unintentionally concealed. It is properly used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge or the dischargeability of a particular debt."

(citations deleted). In paragraph 13 of his motion, the trustee states that he wishes to examine the designated parties with regard to "transactions and transfers that may have occurred;" the details of their relationship with the debtor; the debtor's property, liabilities, and financial affairs; any matter that might affect the trustee's administration of the case; and the debtor's federal and state tax returns. All of these inquiries fall within the allowable scope of examination, as described in Bankruptcy Rule 2004(b).

The allowable scope of examination under Rule 2004 is broad, but remains subject to limitations like the "pending proceeding rule." It holds that after the commencement of an adversary proceeding or other contested matter, the parties to that proceeding or matter may no longer utilize the liberal provisions of Bankruptcy Rule 2004, but must seek discovery under the more restrictive standards of Bankruptcy Rule 7026. *In re Bennett*

*Funding Group, Inc.* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); *In re Washington Mutual, Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). In the present instance, however, the trustee has initiated no adversary proceeding or contested matter. Although Joseph and John Ring may be defendants in an outstanding state court action, the trustee is himself not a party to that action. Consequently, the trustee has no ability to examine any of the respondents at this time, except either in the context of Bankruptcy Rule 2004 or a reopened meeting of creditors under 11 U.S.C. § 341. As between these later two options, Bankruptcy Rule 2004 is sufficiently broad to allow to the trustee an option to choose its application.

The pending proceeding rule imposes a potential restraint upon a litigant's ability to conduct an examination. However, with respect to a trustee, the rule's application arises only in those instances where the trustee is already a party to an adversary proceeding or contested matter involving the parties that he seeks to examine under Bankruptcy Rule 2004. Because no such proceeding or matter has been initiated, the pending proceeding rule has no application in the present instance.

The court finds no merit to the other objections that Joseph Ring and John H. Ring, III, have asserted in response to the trustee's motion to direct an examination under Bankruptcy Rule 2004. Accordingly, the court will grant the trustee's motion, under terms set forth in an order that this court will separately enter.

So ordered.

Dated:    Buffalo, New York           ___/s/___   CARL L. BUCKI_____
             March 2, 2016              Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.